UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAMON LUCIANO, JR.,

                              Plaintiff,

v.                                              Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,          **JURY TRIAL DEMANDED**

                              Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought because of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Ramon Luciano, Jr. (hereinafter "Luciano") is a natural person residing in the County of Erie and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant, NCO Financial Systems, Inc., (hereinafter "NCO") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred a student loan obligation to Sallie Mae. This debt will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That Defendant NCO was employed by said creditor to collect the subject debt.

13. That beginning in February of 2007, Defendant NCO began contacting Plaintiff Luciano in an attempt to collect on the subject debt.

14. That in March of 2007, Plaintiff Luciano spoke with Mr. Mayle, an employee of Defendant NCO, and agreed upon a payment arrangement that, upon its completion, would remove Plaintiff's account from default status. The terms of said agreement were that Plaintiff would pay $150.00 for the month of March, 2007, and would pay $50.00 per month thereafter until November of 2007. The dates of said withdrawals were set to coincide with the dates in which Plaintiff received his monthly Worker's Compensation checks.

15. That one of the aforementioned payments was scheduled to be withdrawn from Plaintiff's account on July 26, 2007.

16. That on or about July 20, 2007, prior to the agreed upon date, Defendant NCO attempted to withdraw a $50.00 payment from Plaintiff Luciano's account. The check was returned for insufficient funds on July 24, 2007.

17. That as a result of said withdrawal, Plaintiff Luciano was assessed overdraft charges totaling $76.00.

18. That following said attempted unauthorized withdrawal, Plaintiff Luciano called Defendant NCO and spoke with Mr. Mayle. During said telephone conversation, Mr. Mayle admitted that Defendant made a mistake, requested that Plaintiff send him copies of his bank account statements showing the related charges, and promised to reimburse Plaintiff for the expenses caused.

19. That on August 14, 2007, Plaintiff received a letter from Defendant NCO notifying Plaintiff that Defendant intended to make a withdrawal of $50.00 from his bank account on August 24, 2007.

20. That shortly following receipt of said letter, Plaintiff Luciano sent Defendant NCO the requested bank statements via electronic facsimile. Accompanying said facsimile, was a letter from Plaintiff Luciano directing Defendant to apply the $76.00 reimbursement to his next two months' payments (i.e. $50.00 to pay for his August payment in total, and the remaining $26.00 to be applied to his $50.00 payment for September).

21. That said letter by Plaintiff Luciano served to revoke Defendant's authority to make a $50.00 withdrawal from his bank account for the months of August and September of 2007.

22. That on or about August 21, 2007, Plaintiff Luciano called and left a message for Defendant in which he reiterated his instruction to Defendant NCO that they apply the reimbursement amounts owed to Plaintiff to his account.

23. That on or about August 23, 2007, despite Plaintiff Luciano's attempts to notify Defendant NCO that they were not to withdraw $50.00 from his August payment, Defendant made said withdrawal.

24. That as a result of said unauthorized withdrawal, Defendant NCO caused Plaintiff Luciano to once again suffer an overdraft charge totaling $38.00.

25. That following said unauthorized withdrawal, Plaintiff Luciano made a conference call to Mr. Mayle and another representative for Defendant NCO, named Ms. Smith. During said conference telephone call, Mr. Mayle became extremely confrontational with Plaintiff, claiming that it was Plaintiff's fault because he did not send the information "on time." Plaintiff replied that Defendant received the requested information via facsimile on August 14, 2007, and had ample time to make the appropriate adjustments or notify Plaintiff of any concerns they had.

26. That following said statement, Mr. Mayle became belligerent and began demeaning Plaintiff Luciano and mocking him for the total remaining balance owed on his student loans. Mr. Mayle then proceeded to state to Plaintiff Luciano that he was a "deadbeat" and had "no character", and further stated that he would now refuse to reimburse Plaintiff for any of the overdraft charges he incurred as a result of Defendant NCO's unauthorized withdrawals, and threatened to send his debt to the "legal department."

27. That Defendant meant, and Plaintiff Luciano understood, the aforementioned threat that his debt would be sent to the "legal department" to mean that Defendant NCO would file a lawsuit against Plaintiff.

28. That despite the aforesaid threat Defendant NCO lacked both the authority and intent to file a lawsuit against Plaintiff Luciano to collect on the subject debt.

29. That as a result of Defendant's conduct, including their belligerent, demeaning and unprofessional behavior, Plaintiff Luciano became ashamed, embarrassed, nervous, upset, felt disrespected and suffered from emotional distress.

## V. CAUSE OF ACTION

30. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above.

31. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff Luciano, by using language the natural consequence of which was to abuse the hearer when Defendant became belligerent with him and proceeded to demean and mock Plaintiff Luciano regarding the subject debt.

    B. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f, by using false, deceptive, or misleading representations in connection with the collection of the subject debt, by falsely threatening to send Plaintiff Luciano's account to the "legal department" and thereby implying that legal action would be taken against Plaintiff to attempt to collect on the subject debt.

    C. Defendant violated 15 U.S.C. §1692f, 15 U.S.C. §1692f(1) and 15 U.S.C. §1692f(4) by using unfair means to collect a debt, by depositing Plaintiff's payment for July 2007 two days in advance of the agreement, thereby causing Plaintiff Luciano to incur multiple overdraft fees, and by proceeding to withdraw Plaintiff's August 2007 payment despite the fact that Plaintiff notified Defendant NCO in writing and by telephone that he was not authorizing Defendant to make said withdrawal.

32. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

    (a) Actual damages;

    (b) Statutory damages for pursuant to 15 U.S.C. § 1692k.

    (c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff Ramon Luciano demands trial by jury in this action.

Dated: August 7, 2008

>/s/Kenneth R. Hiller, Esq.
>Kenneth R. Hiller, Esq.
>Amanda R. Jordan, Esq.
>Law Offices of Kenneth Hiller
>*Attorneys for the Plaintiff*
>6000 North Bailey Ave., Suite 1A
>Amherst, New York 14226
>(716) 564-3288
>Email: khiller@kennethhiller.com
>          ajordan@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Plaintiff Ramon Luciano, Jr. affirms that the following statements are true and correct under penalties of perjury:

I am the Plaintiff in this civil proceeding.

I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated: August 7, 2008


/s/Ramon Luciano, Jr._____
Ramon Luciano, Jr.